**TERRY M. PLANT, #2610**
**PLANT, CHRISTENSEN & KANELL**
Attorneys for Defendant the City of South Salt Lake
136 East South Temple, Suite 1700
Salt Lake City, Utah 84111
Telephone: (801) 363-7611

FILED

---

### IN THE UNITED STATES DISTRICT COURT

### IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ERIN V. NIELSON, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF SOUTH SALT LAKE, <br><br> Defendant | **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §1446** <br><br> Judge Dale A. Kimball <br> DECK TYPE: Civil <br> DATE STAMP: 04/21/2006 @ 15:12:06 <br> CASE NUMBER: 2:06CV00335 DAK |

Defendant the City of South Salt Lake by and through its counsel, hereby files its notice

of removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and in support hereof respectfully

represents that:

1.     An action was commenced by Erin V. Nielson ("Nielson") in the Third Judicial

District Court of Salt Lake County, State of Utah, Civil No. 060903509 (the

"State Action") against defendants the City of South Salt Lake and Officer Jason

Burnham on or about February 28, 2006.

2.     The defendant received a copy of the Complaint and an acceptance of service was

signed by defense counsel on April 14, 2006.

3.     Attached hereto as Exhibit 1 is a copy of the Complaint filed with the Third Judicial District Court, in and for Salt Lake County, State of Utah. Attached hereto as Exhibit 2 is a copy of the Acceptance of Service signed on April 14, 2006 on behalf of the defendant. The Complaint and Acceptance of Service attached hereto are all of the process, pleadings, orders and other papers served upon defendant the City of South Salt Lake in the State Action.

4.     The United States District Court for the District of Utah has original jurisdiction of the claims in the State Action pursuant to 28 U.S.C. § 1331 inasmuch as the State Action is based upon claims arising under the laws of the United States, specifically against defendant the City of South Salt Lake under 42 U.S.C. §§ 1981 & 1983, as the plaintiff has alleged in her first and fourth causes of action. Pendent jurisdiction exists over the other causes of action raised by the plaintiff's complaint. The original jurisdiction of this Court over the claims in the State Action is established by the allegations of the attached Complaint.

5.     In this Action, plaintiff seeks relief for violations of her rights under the Fourth, Eighth, Thirteenth, and Fourteenth Amendments of the United States Constitution, and seeks other relief based upon claims of violations of the Utah Constitution and negligence. All of the plaintiff's claims arise out of the same facts and circumstances.

6.     Defendant the City of South Salt Lake reserves any objection to service, personal

2

jurisdiction, and reserves all other defenses that it may have.

7.      Thirty days have not yet expired since defendant the City of South Salt Lake received a copy of the Complaint or other service and this notice is therefore timely pursuant to 28 U.S.C. § 1446(b).

8.      Concurrently with this notice, defendant the City of South Salt Lake has filed a Notice of Removal in the State Action, a copy of which is attached hereto as Exhibit 3, and has caused both notices to be served on counsel for plaintiff Erin V. Nielson.

Wherefore, defendant the City of South Salt Lake respectfully requests that this Court notify the Third Judicial District Court of Salt Lake county that the State Action has been removed to this Court.

DATED this _2⁄5ᵗ_ day of _April_, 2006.

PLANT, CHRISTENSEN & KANELL

_____
TERRY M. PLANT
Attorney for Defendant, the City of South Salt Lake

3

## CERTIFICATE OF MAILING

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this _21st_ day of _april_, 2006 to the following:

Alan W. Mortensen
Dewsnup, King & Olsen
2020 Beneficial Life Tower
26 South State Street
Salt Lake City, UT 84111
Attorney for Plaintiff

_Paula J. Harlen_

4

1



FILED
THIRD DISTRICT COURT

2006 FEB 28  PM 3:06

SALT LAKE COUNTY
BY_____
            DEPUTY CLERK

Alan W. Mortensen, Esq. (6616)
Colin P. King, Esq. (1815)
Douglas H. Patton (5333)
DEWSNUP, KING & OLSEN
2020 Beneficial Life Tower
36 South State Street
Salt Lake City, Utah  84111
Telephone:  (801) 533-0400
Attorneys for Plaintiffs

---

### IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR

### SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| ERIN V. NIELSON<br><br>    Plaintiff,<br><br>v.<br><br>SOUTH SALT LAKE CITY and OFFICER<br>GARY JASON BURNHAM,<br><br>    Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>Case No. O60903509<br><br>Judge:  Hanson |

Plaintiff, by and through counsel of record, hereby complains of defendant as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff is a Utah citizen who resides in Salt Lake County, State of Utah.

2.      Defendant South Salt Lake City is an incorporated City in the State of Utah.
Defendant South Salt Lake's actions described below, were in accordance with South Salt Lake
policy and/or custom and with color of state law.

3.      Upon belief and investigation, defendant Gary Jason Burnham is a resident of the
State of Utah.  His actions described below, were in the course and scope of his employment

with South Salt Lake, in accordance with South Salt Lake policy and/or custom and with color of state law.

4.      For all causes of action hereinafter stated, plaintiff invokes the jurisdiction of the Court under Utah Code Ann. §78-3-4 (1953 as amended) and 42 U.S.C. § 1983.

5.      For all causes of action hereinafter stated, plaintiff invokes the venue of this Court pursuant to Utah Code Ann. § 78-13-7 (1953 as amended).

6.      Plaintiff has complied with all required conditions precedent with respect to serving a notice of claim pursuant to Utah Code Ann. 63-30d-1 *et. seq.* Plaintiff is therefore entitled to bring this action.

## FACTUAL ALLEGATIONS

7.      On or about July 2, 2005, Plaintiff Nielson was walking to her home in South Salt Lake City with a friend.

8.      Plaintiff Nielson and her friend were stopped by South Salt Lake Police Officer Burnham and administered Breathalyzer tests.

9.      The South Salt Lake police department knew or should have known that Officer Burnham had used his patrol car, while on duty, to proposition women, and that Officer Burnham was a danger to women left alone with him.

10.      Officer Burnham called in two additional South Salt Lake police officers and the three South Salt Lake police officers issued a citation to Plaintiff Nielson's friend and ordered him to leave immediately on foot or face further citation or arrest.

- 2 -

11.     The two additional South Salt Lake police officers then left Officer Burnham and Plaintiff Nielson.

12.     Officer Burnham issued a citation to Plaintiff Nielson and ordered her to walk home.

13.     Officer Burnham left Plaintiff Nielson to walk home alone late at night in South Salt Lake.

14.     Plaintiff Nielson began walking home. After walking a distance, Officer Burnham returned in his patrol car, and informed Plaintiff Nielson that she was in no condition to walk home.

15.     Officer Burnham ordered Plaintiff Nielson to get in his patrol car and he would give her a ride home.

16.     Plaintiff Nielson complied with Officer Burnham's order and got in Officer Burnham's patrol car.

17.     Once inside Officer Burnham's patrol car, Officer Burnham told Plaintiff Nielson that she was in no condition to go home and that he could take her to jail until she was in a condition to walk home.

18.     Officer Burnham then told Plaintiff Nielson that he would take her to his residence until she was in a condition to walk home.

19.     Officer Burnham took Plaintiff Nielson to his residence.

20.     Once inside Officer Burnham's residence, Plaintiff Nielson laid down on Officer Burnham's couch to sleep.

- 3 -

21.     Officer Burnham, while still on duty with the South Salt Lake Police Department, instructed Plaintiff Nielson to put on some pajamas he was providing to her and to sleep in his bed.

22.     Plaintiff Nielson initially refused and was going to sleep on Officer Burnham's couch.  Officer Burnham, while still in his police uniform and upon reasonable belief and suspicion, while still on duty with the South Salt Lake Police Department, insisted that she put on the pajamas and sleep in his bed.

23.     Plaintiff Nielson entered Officer Burnham's bathroom and put on the pajamas that Officer Burnham provided, and then got into Officer Burnham's bed and fell asleep.

24.     Plaintiff Nielson later awoke in Officer Burnham's bed and found Officer Burnham, while still on duty with the South Salt Lake Police Department, on top of her performing sexual acts including fondling and touching of her bare breasts and genitalia.

25.     Plaintiff Nielson asked Officer Burnham to stop and attempted to push his hands away and push him off of her, when she again lost consciousness.

26.     Plaintiff Nielson later awoke in Officer Burnham's bed and found Officer Burnham, while still on duty with the South Salt Lake Police Department and in full uniform of the South Salt Lake Police Department, ordering Plaintiff Nielson to get dressed and instructing her that she had to leave his residence.

27.     Plaintiff Nielson got dressed and Officer Burnham, while still on duty with the South Salt Lake Police Department and in full uniform of the South Salt Lake Police

- 4 -

Department, drove Plaintiff Nielson to within a few blocks of her house and dropped her off and instructed her to walk home.

28.     Plaintiff Nielson walked home and fell back asleep. She awoke later and recalled Officer Burnham performing the above described acts, including fondling and touching of her bare breasts and genitalia.

29.     Plaintiff Nielson immediately went to Salt Lake Regional Hospital Emergency Room to receive treatment and diagnosis for the above described acts, including the fondling and touching of her bare breasts and genitalia, and any other acts that she was not aware of, perpetrated on her by Officer Burnham. The Hospital found vaginal bruising on Plaintiff Nielson.

30.     The District Attorney's Office performed an investigation of Officer Burnham. Officer Burnham first denied that any sexual touching had occurred. However, after failing a polygraph test, he admitted to taking Plaintiff Nielson to his residence and touching her in the above described manner.

31.     South Salt Lake performed an internal affairs investigation on Officer Burnham. The investigation "did show Officer Burnham's action were in violation of department policy and constitute Conduct Unbecoming a Police Employee."

32.     Officer Burnham faced disciplinary action, but resigned on August 26, 2005 before any formal discipline was imposed.

- 5 -

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 v. South Salt Lake and Officer Burnham)

33.     Plaintiff incorporates paragraphs 1 through 32 as if fully set forth herein.

34.     The above described acts, and defendant South Salt Lake's failure to instruct, supervise, control and/or discipline Officer Burnham, constitute violations of plaintiff's rights under the Constitution of the United States of America, including, but not limited to the following:

a.     A violation of Plaintiff Nielson's United States Constitutional Substantive and Procedural Due Process Rights under the Fourth and/or Fourteenth Amendments to the United States Constitution.

b.     A violation of Plaintiff Nielson's United States Constitutional Right to be free from unreasonable, excessive and unnecessary detention and force and to be free from unreasonable seizures and arrests under the Fourth Amendment to the United States Constitution.

c.     A violation of Plaintiff Nielson's United States Constitutional Right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

d.     A violation of Plaintiff Nielson's United States Constitutional Right to be free from slavery and involuntary servitude under the Thirteenth Amendment to the United States Constitution.

- 6 -

35.     As a proximate result of the above described acts of Officer Burnham and South Salt Lake, Plaintiff Erin Nielson has suffered serious injuries, including, but not limited to, severe and debilitating physical and emotional injuries.  To date, she has incurred significant medical bills in receiving treatment for said injuries.

36.     As a proximate result of the above described acts of Officer Burnham and South Salt Lake, Plaintiff Erin Nielson suffered and will continue to suffer severe physical, mental and emotional pain, discomfort, distress and disability.

37.     As a proximate result of the above described acts of Officer Burnham and South Salt Lake, Plaintiff Erin Nielson has incurred and will continue to incur expenses for medical and rehabilitative care and treatment and related expenses.

38.     As a proximate result of the above described acts of Officer Burnham and South Salt Lake, Plaintiff Erin Nielson has sustained or is likely to sustain losses of income or loss of future earning capacity.

## SECOND CAUSE OF ACTION
### (Violations of Utah Constitution by South Salt Lake and Officer Burnham)

39.     Plaintiff incorporates paragraphs 1 through 38 as if fully set forth herein.

40.     The above described acts constitute flagrant violations of the self-executing provisions of the State of Utah Constitution, of which existing remedies do not provide adequate or proper relief and equitable remedies provide no real remedy, including but not limited to the following provisions of the State of Utah Constitution:

    a.      Article I, Section 7 (Due Process);

- 7 -

b.    Article I, Section 9 (Cruel and Unusual Punishment and Unnecessary Vigor);

c.    Article I, Section 14 (Unreasonable Search and Seizure); and

d.    Article I, Section 21 (Slavery Prohibited).

41.    As a proximate result of the above described acts of Officer Burnham and South Salt Lake, Plaintiff Erin Nielson has suffered serious injuries, including, but not limited to, severe and debilitating physical and emotional injuries. To date, she has incurred significant medical bills in receiving treatment for said injuries.

42.    As a proximate result of the above described acts of Officer Burnham and South Salt Lake, Plaintiff Erin Nielson suffered and will continue to suffer severe physical, mental and emotional pain, discomfort, distress and disability.

43.    As a proximate result of the above described acts of Officer Burnham and South Salt Lake, Plaintiff Erin Nielson has incurred and will continue to incur expenses for medical and rehabilitative care and treatment and related expenses.

44.    As a proximate result of the above described acts of Officer Burnham and South Salt Lake, Plaintiff Erin Nielson has sustained or is likely to sustain losses of income or loss of future earning capacity.

### THIRD CAUSE OF ACTION
### (Negligence v. South Salt Lake and Officer Burnham)

45.    Plaintiff incorporates paragraphs 1 through 44 as if fully set forth herein.

- 8 -

46.     South Salt Lake maintained duties to supervise, monitor, train, hire and discipline its police officers properly to prevent them from committing the acts described above upon the citizens of South Salt Lake and others.

47.     Officer Burnham maintained duties to act according to training and to not engage in sexual contact with a person, especially an intoxicated person, within his custody.

48.     Defendants negligently failed to carry out these duties.

49.     As a proximate result of the above described acts of Officer Burnham and South Salt Lake, Plaintiff Erin Nielson has suffered serious injuries, including, but not limited to, severe and debilitating physical and emotional injuries. To date, she has incurred significant medical bills in receiving treatment for said injuries.

50.     As a proximate result of the above described acts of Officer Burnham and South Salt Lake, Plaintiff Erin Nielson suffered and will continue to suffer severe physical, mental and emotional pain, discomfort, distress and disability.

51.     As a proximate result of the above described acts of Officer Burnham and South Salt Lake, Plaintiff Erin Nielson has incurred and will continue to incur expenses for medical and rehabilitative care and treatment and related expenses.

52.     As a proximate result of the above described acts of Officer Burnham and South Salt Lake, Plaintiff Erin Nielson has sustained or is likely to sustain losses of income or loss of future earning capacity.

- 9 -

## FOURTH CAUSE OF ACTION
### (42 U.S.C. § 1981 v. South Salt Lake and Officer Burnham)

53.    Plaintiff incorporates paragraphs 1 through 52 as if fully set forth herein.

54.    As a result of the above describe constitutional violations by the defendants,

plaintiff Nielson incurred attorneys fees for which she is entitled to recover.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

1.    For special damages referred to above in amounts to be proven at trial.

2.    For general damages referred to above in amounts to be proven at trial.

3.    For prejudgment interest in amounts to be proven at trial.

4.    For costs of this action and for such other and further relief as this Court deems just under the circumstances.

5.    For attorneys fees.

6.    For punitive damages.

### JURY DEMAND

Plaintiff hereby demands a jury trial of this case pursuant to Rule 38(b) of the Utah Rules of Civil Procedure.

DATED this **26** day of February, 2006.

DEWSNUP, KING & OLSEN

_____
Alan W. Mortensen
Attorneys for Plaintiff

Plaintiffs' Address:

734 East 2700 South
Salt Lake City, Utah 84106

- 11 -

**2**

Alan W. Mortensen, Esq. (6616)
Colin P. King, Esq. (1815)
Douglas H. Patton (5333)
DEWSNUP, KING & OLSEN
2020 Beneficial Life Tower
36 South State Street
Salt Lake City, Utah  84111
Telephone:  (801) 533-0400
Attorneys for Plaintiffs

---

IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR

SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| ERIN V. NIELSON<br><br>     Plaintiff,<br><br>v.<br><br>SOUTH SALT LAKE CITY and OFFICER<br>GARY JASON BURNHAM,<br><br>     Defendants. | **ACCEPTANCE OF SERVICE**<br><br>Case No. 060903509<br><br>Judge: Hanson |

Terry M. Plant, counsel for defendant South Salt Lake City, hereby accepts service of

summons and complaint on behalf of ~~his clients~~. South Salt Lake City.

DATED this 14th day of April, 2006.

Plant, Christensen: Kanell
SNOW, CHRISTENSEN & MARTINEAU

Terry M. Plant

**3**

**TERRY M. PLANT, #2610**
**PLANT, CHRISTENSEN & KANELL**
Attorneys for Defendant the City of South Salt Lake
136 East South Temple, Suite 1700
Salt Lake City, Utah 84111
Telephone: (801) 363-7611

IN THE THIRD JUDICIAL DISTRICT COURT

IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | | |
|---|---|---|
| ERIN V. NIELSON, | ) | |
| | ) | **NOTICE OF FILING OF NOTICE** |
| Plaintiffs, | ) | **OF REMOVAL** |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF SOUTH SALT LAKE, | ) | Civil No. 060903509 |
| | ) | |
| Defendant | ) | Judge: Timothy R. Hanson |
| | ) | |
| | ) | |
| | ) | |

PLEASE TAKE NOTICE that on this date, defendant the City of South Salt Lake filed a notice of removal, a copy of which is attached hereto as Exhibit A, of the above-captioned action to the United States District Court for the District of Utah, Central Division. Defendant the City of South Salt Lake hereby files a copy of the notice of removal with the clerk of the Third Judicial District Court of Salt Lake county, State of Utah, in this action. This notice serves to effect a removal of this case pursuant to 28 U.S.C. § 1446(d), thereby precluding further proceedings in this Court.

DATED this 13th day of April , 2006.

**PLANT, CHRISTENSEN & KANELL**

TERRY M. PLANT
Attorney for Defendant the City of South Salt Lake

### CERTIFICATE OF MAILING

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this _____ day of
_____*April*_____, 2006 to the following:

Alan W. Mortensen
Dewsnup, King & Olsen
2020 Beneficial Life Tower
36 South State Street
Salt Lake City, UT 84111
Attorney for Plaintiff

*Paula T. Harley*

3

Exhibit A

**TERRY M. PLANT, #2610**
**PLANT, CHRISTENSEN & KANELL**
Attorneys for Defendant the City of South Salt Lake
136 East South Temple, Suite 1700
Salt Lake City, Utah 84111
Telephone: (801) 363-7611

---

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH

---

| | | |
|---|---|---|
| ERIN V. NIELSON, | ) | |
| | ) | **NOTICE OF REMOVAL PURSUANT** |
| Plaintiff, | ) | **TO 28 U.S.C. §1446** |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF SOUTH SALT LAKE, | ) | Civil No. |
| | ) | |
| Defendant | ) | Judge: |
| | ) | |
| | ) | |
| | ) | |

---

Defendant the City of South Salt Lake by and through its counsel, hereby files its notice of removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and in support hereof respectfully represents that:

1. An action was commenced by Erin V. Nielson ("Nielson") in the Third Judicial District Court of Salt Lake County, State of Utah, Civil No. 060903509 (the "State Action") against defendants the City of South Salt Lake and Officer Jason Burnham on or about February 28, 2006.

2. The defendant received a copy of the Complaint and an acceptance of service was

signed by defense counsel on April 14, 2006.

3.   Attached hereto as Exhibit 1 is a copy of the Complaint filed with the Third

Judicial District Court, in and for Salt Lake County, State of Utah.  Attached

hereto as Exhibit 2 is a copy of the Acceptance of Service signed on April 14,

2006 on behalf of the defendant.  The Complaint and Acceptance of Service

attached hereto are all of the process, pleadings, orders and other papers served

upon defendant the City of South Salt Lake in the State Action.

4.   The United States District Court for the District of Utah has original jurisdiction

of the claims in the State Action pursuant to 28 U.S.C. § 1331 inasmuch as the

State Action is based upon claims arising under the laws of the United States,

specifically against defendant the City of South Salt Lake under 42 U.S.C. §§

1981 & 1983, as the plaintiff has alleged in her first and fourth causes of action.

Pendent jurisdiction exists over the other causes of action raised by the plaintiff's

complaint.  The original jurisdiction of this Court over the claims in the State

Action is established by the allegations of the attached Complaint.

5.   In this Action, plaintiff seeks relief for violations of her rights under the Fourth,

Eighth, Thirteenth, and Fourteenth Amendments of the United States

Constitution, and seeks other relief based upon claims of violations of the Utah

Constitution and negligence.  All of the plaintiff's claims arise out of the same

facts and circumstances.

6.   Defendant the City of South Salt Lake reserves any objection to service, personal

2

jurisdiction, and reserves all other defenses that it may have.

7.     Thirty days have not yet expired since defendant the City of South Salt Lake

received a copy of the Complaint or other service and this notice is therefore

timely pursuant to 28 U.S.C. § 1446(b).

8.     Concurrently with this notice, defendant the City of South Salt Lake has filed a

Notice of Removal in the State Action, a copy of which is attached hereto as

Exhibit 3, and has caused both notices to be served on counsel for plaintiff Erin V.

Nielson.

Wherefore, defendant the City of South Salt Lake respectfully requests that this Court

notify the Third Judicial District Court of Salt Lake county that the State Action has been

removed to this Court.

DATED this __21st__ day of __April__, 2006.


PLANT, CHRISTENSEN & KANELL



_____

TERRY M. PLANT
Attorney for Defendant, the City of South Salt Lake


3

## CERTIFICATE OF MAILING

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this _21st_ day of _april_, 2006 to the following:

Alan W. Mortensen
Dewsnup, King & Olsen
2020 Beneficial Life Tower
26 South State Street
Salt Lake City, UT 84111
Attorney for Plaintiff

_Paula J. Harless_

4

FILED
THIRD DISTRICT COURT
2006 FEB 28  PM 3:15
SALT LAKE COUNTY
BY_____
DEPUTY CLERK

Alan W. Mortensen, Esq. (6616)
Colin P. King, Esq. (1815)
Douglas H. Patton (5333)
DEWSNUP, KING & OLSEN
2020 Beneficial Life Tower
36 South State Street
Salt Lake City, Utah  84111
Telephone:  (801) 533-0400
Attorneys for Plaintiffs

IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR

SALT LAKE COUNTY, STATE OF UTAH

| ERIN V. NIELSON<br><br>Plaintiff,<br><br>v.<br><br>SOUTH SALT LAKE CITY and OFFICER GARY JASON BURNHAM,<br><br>Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>Case No. 060903509<br><br>Judge:  Hanson |

Plaintiff, by and through counsel of record, hereby complains of defendant as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      Plaintiff is a Utah citizen who resides in Salt Lake County, State of Utah.

2.      Defendant South Salt Lake City is an incorporated City in the State of Utah.

Defendant South Salt Lake's actions described below, were in accordance with South Salt Lake

policy and/or custom and with color of state law.

3.      Upon belief and investigation, defendant Gary Jason Burnham is a resident of the

State of Utah.  His actions described below, were in the course and scope of his employment

with South Salt Lake, in accordance with South Salt Lake policy and/or custom and with color of state law.

4.      For all causes of action hereinafter stated, plaintiff invokes the jurisdiction of the Court under Utah Code Ann. §78-3-4 (1953 as amended) and 42 U.S.C. § 1983.

5.      For all causes of action hereinafter stated, plaintiff invokes the venue of this Court pursuant to Utah Code Ann. § 78-13-7 (1953 as amended).

6.      Plaintiff has complied with all required conditions precedent with respect to serving a notice of claim pursuant to Utah Code Ann. 63-30d-1 *et. seq.*  Plaintiff is therefore entitled to bring this action.

## FACTUAL ALLEGATIONS

7.      On or about July 2, 2005, Plaintiff Nielson was walking to her home in South Salt Lake City with a friend.

8.      Plaintiff Nielson and her friend were stopped by South Salt Lake Police Officer Burnham and administered Breathalyzer tests.

9.      The South Salt Lake police department knew or should have known that Officer Burnham had used his patrol car, while on duty, to proposition women, and that Officer Burnham was a danger to women left alone with him.

10.     Officer Burnham called in two additional South Salt Lake police officers and the three South Salt Lake police officers issued a citation to Plaintiff Nielson's friend and ordered him to leave immediately on foot or face further citation or arrest.

- 2 -

11.     The two additional South Salt Lake police officers then left Officer Burnham and Plaintiff Nielson.

12.     Officer Burnham issued a citation to Plaintiff Nielson and ordered her to walk home.

13.     Officer Burnham left Plaintiff Nielson to walk home alone late at night in South Salt Lake.

14.     Plaintiff Nielson began walking home.  After walking a distance, Officer Burnham returned in his patrol car, and informed Plaintiff Nielson that she was in no condition to walk home.

15.     Officer Burnham ordered Plaintiff Nielson to get in his patrol car and he would give her a ride home.

16.     Plaintiff Nielson complied with Officer Burnham's order and got in Officer Burnham's patrol car.

17.     Once inside Officer Burnham's patrol car, Officer Burnham told Plaintiff Nielson that she was in no condition to go home and that he could take her to jail until she was in a condition to walk home.

18.     Officer Burnham then told Plaintiff Nielson that he would take her to his residence until she was in a condition to walk home.

19.     Officer Burnham took Plaintiff Nielson to his residence.

20.     Once inside Officer Burnham's residence, Plaintiff Nielson laid down on Officer Burnham's couch to sleep.

- 3 -

21.     Officer Burnham, while still on duty with the South Salt Lake Police Department, instructed Plaintiff Nielson to put on some pajamas he was providing to her and to sleep in his bed.

22.     Plaintiff Nielson initially refused and was going to sleep on Officer Burnham's couch.  Officer Burnham, while still in his police uniform and upon reasonable belief and suspicion, while still on duty with the South Salt Lake Police Department, insisted that she put on the pajamas and sleep in his bed.

23.     Plaintiff Nielson entered Officer Burnham's bathroom and put on the pajamas that Officer Burnham provided, and then got into Officer Burnham's bed and fell asleep.

24.     Plaintiff Nielson later awoke in Officer Burnham's bed and found Officer Burnham, while still on duty with the South Salt Lake Police Department, on top of her performing sexual acts including fondling and touching of her bare breasts and genitalia.

25.     Plaintiff Nielson asked Officer Burnham to stop and attempted to push his hands away and push him off of her, when she again lost consciousness.

26.     Plaintiff Nielson later awoke in Officer Burnham's bed and found Officer Burnham, while still on duty with the South Salt Lake Police Department and in full uniform of the South Salt Lake Police Department, ordering Plaintiff Nielson to get dressed and instructing her that she had to leave his residence.

27.     Plaintiff Nielson got dressed and Officer Burnham, while still on duty with the South Salt Lake Police Department and in full uniform of the South Salt Lake Police

- 4 -

Department, drove Plaintiff Nielson to within a few blocks of her house and dropped her off and instructed her to walk home.

28.     Plaintiff Nielson walked home and fell back asleep. She awoke later and recalled Officer Burnham performing the above described acts, including fondling and touching of her bare breasts and genitalia.

29.     Plaintiff Nielson immediately went to Salt Lake Regional Hospital Emergency Room to receive treatment and diagnosis for the above described acts, including the fondling and touching of her bare breasts and genitalia, and any other acts that she was not aware of, perpetrated on her by Officer Burnham. The Hospital found vaginal bruising on Plaintiff Nielson.

30.     The District Attorney's Office performed an investigation of Officer Burnham. Officer Burnham first denied that any sexual touching had occurred. However, after failing a polygraph test, he admitted to taking Plaintiff Nielson to his residence and touching her in the above described manner.

31.     South Salt Lake performed an internal affairs investigation on Officer Burnham. The investigation "did show Officer Burnham's action were in violation of department policy and constitute Conduct Unbecoming a Police Employee."

32.     Officer Burnham faced disciplinary action, but resigned on August 26, 2005 before any formal discipline was imposed.

- 5 -

**FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983 v. South Salt Lake and Officer Burnham)**

33.     Plaintiff incorporates paragraphs 1 through 32 as if fully set forth herein.

34.     The above described acts, and defendant South Salt Lake's failure to instruct, supervise, control and/or discipline Officer Burnham, constitute violations of plaintiff's rights under the Constitution of the United States of America, including, but not limited to the following:

        a.      A violation of Plaintiff Nielson's United States Constitutional Substantive and Procedural Due Process Rights under the Fourth and/or Fourteenth Amendments to the United States Constitution.

        b.      A violation of Plaintiff Nielson's United States Constitutional Right to be free from unreasonable, excessive and unnecessary detention and force and to be free from unreasonable seizures and arrests under the Fourth Amendment to the United States Constitution.

        c.      A violation of Plaintiff Nielson's United States Constitutional Right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

        d.      A violation of Plaintiff Nielson's United States Constitutional Right to be free from slavery and involuntary servitude under the Thirteenth Amendment to the United States Constitution.

- 6 -

35.    As a proximate result of the above described acts of Officer Burnham and South Salt Lake, Plaintiff Erin Nielson has suffered serious injuries, including, but not limited to, severe and debilitating physical and emotional injuries.  To date, she has incurred significant medical bills in receiving treatment for said injuries.

36.    As a proximate result of the above described acts of Officer Burnham and South Salt Lake, Plaintiff Erin Nielson suffered and will continue to suffer severe physical, mental and emotional pain, discomfort, distress and disability.

37.    As a proximate result of the above described acts of Officer Burnham and South Salt Lake, Plaintiff Erin Nielson has incurred and will continue to incur expenses for medical and rehabilitative care and treatment and related expenses.

38.    As a proximate result of the above described acts of Officer Burnham and South Salt Lake, Plaintiff Erin Nielson has sustained or is likely to sustain losses of income or loss of future earning capacity.

## SECOND CAUSE OF ACTION
### (Violations of Utah Constitution by South Salt Lake and Officer Burnham)

39.    Plaintiff incorporates paragraphs 1 through 38 as if fully set forth herein.

40.    The above described acts constitute flagrant violations of the self-executing provisions of the State of Utah Constitution, of which existing remedies do not provide adequate or proper relief and equitable remedies provide no real remedy, including but not limited to the following provisions of the State of Utah Constitution:

a.    Article I, Section 7 (Due Process);

- 7 -

     b.     Article I, Section 9 (Cruel and Unusual Punishment and Unnecessary Vigor);

     c.     Article I, Section 14 (Unreasonable Search and Seizure); and

     d.     Article I, Section 21 (Slavery Prohibited).

41.     As a proximate result of the above described acts of Officer Burnham and South Salt Lake, Plaintiff Erin Nielson has suffered serious injuries, including, but not limited to, severe and debilitating physical and emotional injuries. To date, she has incurred significant medical bills in receiving treatment for said injuries.

42.     As a proximate result of the above described acts of Officer Burnham and South Salt Lake, Plaintiff Erin Nielson suffered and will continue to suffer severe physical, mental and emotional pain, discomfort, distress and disability.

43.     As a proximate result of the above described acts of Officer Burnham and South Salt Lake, Plaintiff Erin Nielson has incurred and will continue to incur expenses for medical and rehabilitative care and treatment and related expenses.

44.     As a proximate result of the above described acts of Officer Burnham and South Salt Lake, Plaintiff Erin Nielson has sustained or is likely to sustain losses of income or loss of future earning capacity.

## THIRD CAUSE OF ACTION
### (Negligence v. South Salt Lake and Officer Burnham)

45.     Plaintiff incorporates paragraphs 1 through 44 as if fully set forth herein.

46.     South Salt Lake maintained duties to supervise, monitor, train, hire and discipline its police officers properly to prevent them from committing the acts described above upon the citizens of South Salt Lake and others.

47.     Officer Burnham maintained duties to act according to training and to not engage in sexual contact with a person, especially an intoxicated person, within his custody.

48.     Defendants negligently failed to carry out these duties.

49.     As a proximate result of the above described acts of Officer Burnham and South Salt Lake, Plaintiff Erin Nielson has suffered serious injuries, including, but not limited to, severe and debilitating physical and emotional injuries.  To date, she has incurred significant medical bills in receiving treatment for said injuries.

50.     As a proximate result of the above described acts of Officer Burnham and South Salt Lake, Plaintiff Erin Nielson suffered and will continue to suffer severe physical, mental and emotional pain, discomfort, distress and disability.

51.     As a proximate result of the above described acts of Officer Burnham and South Salt Lake, Plaintiff Erin Nielson has incurred and will continue to incur expenses for medical and rehabilitative care and treatment and related expenses.

52.     As a proximate result of the above described acts of Officer Burnham and South Salt Lake, Plaintiff Erin Nielson has sustained or is likely to sustain losses of income or loss of future earning capacity.

## FOURTH CAUSE OF ACTION
### (42 U.S.C. § 1981 v. South Salt Lake and Officer Burnham)

53.     Plaintiff incorporates paragraphs 1 through 52 as if fully set forth herein.

54.     As a result of the above describe constitutional violations by the defendants,

plaintiff Nielson incurred attorneys fees for which she is entitled to recover.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

1.      For special damages referred to above in amounts to be proven at trial.

2.      For general damages referred to above in amounts to be proven at trial.

3.      For prejudgment interest in amounts to be proven at trial.

4.      For costs of this action and for such other and further relief as this Court

        deems just under the circumstances.

5.      For attorneys fees.

6.      For punitive damages.

### JURY DEMAND

Plaintiff hereby demands a jury trial of this case pursuant to Rule 38(b) of the Utah Rules

of Civil Procedure.

DATED this **22d** day of February, 2006.

DEWSNUP, KING & OLSEN

Alan W. Mortensen
Attorneys for Plaintiff

Plaintiffs' Address:

734 East 2700 South
Salt Lake City, Utah 84106

- 11 -

Alan W. Mortensen, Esq. (6616)
Colin P. King, Esq. (1815)
Douglas H. Patton (5333)
DEWSNUP, KING & OLSEN
2020 Beneficial Life Tower
36 South State Street
Salt Lake City, Utah  84111
Telephone:  (801) 533-0400
Attorneys for Plaintiffs

IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR

SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| ERIN V. NIELSON<br><br>        Plaintiff,<br><br>v.<br><br>SOUTH SALT LAKE CITY and OFFICER<br>GARY JASON BURNHAM,<br><br>        Defendants. | **ACCEPTANCE OF SERVICE**<br><br>Case No. 060903509<br><br>Judge: Hanson |

Terry M. Plant, counsel for defendant South Salt Lake City, hereby accepts service of

summons and complaint on behalf of ~~his clients~~. *South Salt Lake City.*

DATED this *14th* day of April, 2006.

*Plant, Christensen, Kanell*
~~SNOW, CHRISTENSEN & MARTINEAU~~

_____
Terry M. Plant